TIMOTHY M. KEEGAN, CA Bar No. 251085
tim.keegan@ogletree.com
OGLETREE DEAKINS, NASH,
SMOAK & STEWART, P.C.
15 West South Temple Street, Suite 950
Salt Lake City, UT 84101
Telephone: 801-658-6100
Facsimile: 385-360-1707

ERIN M. OWEN, CA Bar No. 345867
erin.owen@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant Management and
Training Corporation d/b/a Imperial
Regional Detention Facility

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDSON LUNA, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>MANAGEMENT AND TRAINING CORPORATION, a Delaware corporation d/b/a IMPERIAL REGIONAL DETENTION FACILITY; and DOES 1-50, inclusive,<br><br>     Defendant. | Case No.<br><br>**DEFENDANT MANAGEMENT AND TRAINING CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>*[Filed concurrently with Certificate of Interested Parties; Notice of Related Cases; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Brandi De La Torre; and Declaration of Erin M. Owen]*<br><br>Complaint Filed: January 12, 2026<br>Trial Date:        Not set<br>District Judge:    Hon. TBD<br>Magistrate Judge: Hon. TBD |

**TO THE UNITIED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant MANAGEMENT AND TRAINING CORPORATION D/B/A IMPERIAL REGIONAL DETENTION FACILITY ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) complete diversity of citizenship exists between Plaintiff EDSON LUNA ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of Delaware and Utah; and (2) the amount in controversy exceeds $75,000.   The foregoing facts were true at the time the Complaint was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below:

I.        <u>THE REMOVED CASE</u>

1.      The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff against Defendant, entitled *Edson Luna v. Management and Training Corporation d/b/a Imperial Regional Detention Facility*, Case No. 26STCV00894 (the "State Court Action").   Defendant is the only named defendant.

2.      Plaintiff filed the State Court Action on January 12, 2026, asserting claims against Defendant for the following: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to engage in the interactive process in violation of FEHA; (3) failure to provide reasonable accommodations in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination and retaliation in violation of FEHA; and (6) wrongful termination in violation of public policy.

/ /

/ /

1

DEFENDANT MANAGEMENT AND TRAINING CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

## II.         REMOVAL IS TIMELY/PROCEDURAL REQUIREMENTS

3.      The first date Defendant received a copy of Plaintiff's Complaint was January 13, 2026, when Defendant's agent for service of process was served with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint served on Defendant is attached as **Exhibit "A".**

4.      Defendant has thirty (30) days from the date of service or receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. §1446(b).  Thus, this Notice of Removal is timely filed.

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Action in Defendant's possession are attached hereto as **Exhibits "A" and "B"** (Summons and Complaint, Proof of Service, Case Management Conference notice, and Alternative Dispute Resolution Package); and **Exhibit "C"** (Defendant's filed Answer).  Declaration of Erin M. Owen ("Owen Decl.") at ¶¶ **2-3**.

6.      In accordance with 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending, i.e., Los Angeles County Superior Court.

7.      As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles, promptly after filing the same in this Court.

8.      Moreover, pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to Plaintiff after the same is filed with this Court.

9.      If any question arises as to the propriety of removal of this action, Defendant respectfully requests an opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

/ /

/ /

2

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert defenses, including, without limitation, the defense of failure to state a claim.

**III.     THE JURISDICTIONAL MINIMUM IS SATISFIED**

11.     This timely Notice is based on complete diversity of the parties.  Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Utah.

**A.     <u>Plaintiff Is A Citizen Of The State Of California</u>**

12.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Wellesley Galleries, Ltd*., *supra* at 857.

13.     At all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still is, a resident and citizen of the State of California.  Plaintiff's Complaint sets forth that he "is, and at all relevant times was, a resident of the State of California."  See Ex. A, ¶ 2.  Additionally, according to Defendant's records, Plaintiff's last known home address is in Calexico, California.  Declaration of Brandi De La Torre ("Torre Decl.") at ¶ 5.

**B.     <u>Defendant Is A Citizen of The States Of Delaware and Utah</u>**

14.     Defendant is, at the time the Complaint was filed, and still is, incorporated in the State of Delaware with its principal place of business in Utah.  Torre Decl. at ¶ 4.

15.     The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  In *Hertz Corp. v. Friend, et al*., 130 S.Ct. 1181(2010), the United States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases.  The Court held that the "'principal place of business' [as contained in section 1332(c)1 is best read as referring to the place where a corporation's officers

3

direct, control, and coordinate the corporation's activities." *Ibid*. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters provided that the headquarters is the actual center of direction, control and coordination." *Ibid*.

16.     Defendant's principal place of business is in Centerville, Utah. Torre Decl. ¶ 4. Defendant's executive and administrative operations are currently managed from its Utah location. From its headquarters in Utah, Defendant makes and implements company-wide operating, financial and accounting, employee relations and other policy decisions. *Ibid*. In addition, Defendant's executive officers, including its Chief Executive Officer, Chief Financial Officer, General Counsel and certain other executive leaders maintain their offices at Defendant's headquarters in Utah. *Ibid*. Under the "nerve center" test, Defendant is a citizen of the State of Utah.

17.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in Delaware. Torre Decl. at ¶ 4.

18.     Accordingly, Defendant is and was at the time of filing of the Complaint, and through present date, a citizen of the states of Delaware and Utah, not California.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF COST AND INTEREST

19.     This Court has original jurisdiction under 28 U.S.C. § 1332, and this action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it involves a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

20.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89

(2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, *supra*, 574 U.S. at 87.

21.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount.  Absent the facial showing from the complaint, the court may consider facts averred in the removal petition.  *Id*.  Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Ibarra, supra,* 775 F.3d at 1195.  At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding."  *Abrego, supra,* 443 F.3d at 691 (internal citation omitted).

22.     Defendant disputes that it is liable for any damages whatsoever to Plaintiff.  Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698-699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id*.

**A.     <u>Plaintiff's Potential Lost Earnings (Back And Front Pay) Alone Exceed The Jurisdictional Minimum For Diversity Removal</u>**

23.     <u>Back Pay</u>: Plaintiff alleges that he was wrongfully terminated from his job. See Ex. A, ¶¶ 23, 25, 32, 45, 54, 63 and Prayer for Relief ¶ 1.  Plaintiff's separation date was February 12, 2025.  *Id*., Torre Decl. at ¶ 5.  Plaintiff's last hourly rate of pay while employed by and with Defendant was $35.97.  *Id*.  As of now, Plaintiff's alleged lost earnings, which Defendant disputes, already amount to approximately $69,062.40

5

($5,755.20 per month x 12 months (from February 12, 2025, to February 12, 2026). If this case were to go to trial within twelve months from removal—February 2027—Plaintiff's alleged lost earnings, which again Defendant disputes, would be approximately $138,124.80 (based on 24 months of alleged lost wages).

24. <u>Front Pay</u>: In addition to back pay, Plaintiff also seeks lost future wages. See Ex. A, ¶¶ 34, 46, 56, and 73.  A plaintiff who successfully alleges wrongful termination or discriminatory discharge of employment generally seeks an award of front pay.  *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement under the Age Discrimination in Employment Act); *Secru v. Laboratory Corp. of America*, 2009 WL 3755763, at *2 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also, Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).  Here, even conservatively estimating that at the time of trial in February 2027, Plaintiff will seek two years of front pay.  Plaintiff's lost earnings for that two-year period are another $138,124.80 ($5,755.20 per month x 24 months).

25. Thus, based on Plaintiff's allegations, his lost wages alone are approximately $276,249.60 ($138,124.80 in back pay by the time of the estimated trial date + $138,124.80 in front pay for the two-year period after the time of trial), an amount that far exceeds the minimum required for diversity jurisdiction.

**B.** **Plaintiff's Emotional Distress Damages Claims Also Exceed The Jurisdictional Minimum For Diversity Jurisdiction**

26. Plaintiff also seeks general, non-economic damages, including for emotional distress.  See Exh. A at ¶¶ 25, 34, 36, 47, 57, 66, 74, 86 and Prayer for Relief ¶ 1.  Although Defendant denies any liability to Plaintiff for emotional distress,

6

anguish, humiliation, and anxiety, these alleged damages must be included when calculating the amount in controversy. *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. May 12, 1999) (emotional distress damages "may be considered in the amount in controversy"). A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.

### 1. Disability Discrimination (Similar To Plaintiff's Claims) Verdicts/Awards

27. *Roque v. Octapharma Plasma, Inc.*, No. 37-2021-00020936-CU-WTCTL, 2024 WL 5007307 (Sept. 9, 2024 San Diego County Sup. Ct.) ($2,214,000 for past and future pain and suffering and emotional distress with claims involving disability discrimination and failure to provide reasonable accommodations); *Kettl v. Good-Men Roofing and Construction, Inc.*, No. 37-2020-00048003-CU-WT-CTL, 2024 WL 5359491 (Sept. 19, 2024 San Diego County Sup. Ct.) ($625,043 for past non-economic loss in disability discrimination, retaliation, and wrongful termination case); *Faye v. Los Angeles Unified Sch. Dist.*, No. 21STCV22368, 2024 WL 3339535 (Mar. 20, 2024 L.A. County Sup. Ct.) ($750,000 for past loss of enjoyment of life, mental suffering, and emotional distress where employee was terminated based on his disability); *Palma v. Rite Aid Corp.*, No. BC465411, 2012 WL 3541952 (July 24, 2012 L.A. County Sup. Ct.) (award of $3,522,070 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case); *Cosby v. Autozone, Inc.* 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (May 22, 2007 Cal. Super. Ct.) (awarding $2,340,700 to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave).

//

//

DEFENDANT MANAGEMENT AND TRAINING CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

## 2. Other Employment Discrimination Verdicts/Awards

28. *Sosa v. Comerica Bank, et al.*, No. BC675252, 2023 WL 8642072 (Nov. 16, 2023 L.A. County Sup. Ct.) ($12,000,000 for past noneconomic damages for claims involving gender discrimination); *Lenihan v. County of Los Angeles*, No. BC656759, 2022 WL 20275188 (Nov. 17, 2022 L.A. County Sup. Ct.) ($172,500 for pain and suffering in age discrimination matter); *Camp v. Los Angeles Unified Sch. Dist.*, No. BC673403, 2021 WL 5824776 (Nov. 8, 2021 L.A. County Sup. Ct.) ($2,500,000 awarded to employee for pain and suffering due to claims involving racial discrimination).

29. Plaintiff's allegations that Defendant failed to accommodate him and failed to engage in the interactive process are similar to both the factual and legal issues raised in the cases above. Given each of Plaintiff's allegations, when measured in light of the allegations and damages awarded by California juries, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress demonstrates that, at the time of removal, the amount in controversy exceeds $75,000.

### C. Plaintiff's Request for Attorney Fees Also Shows The Jurisdictional Minimum For Diversity Jurisdiction Is Met

30. When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

31. The Court may consider all attorneys' fees that can reasonably be anticipated to be incurred over the life of the case. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal.").

/ /

DEFENDANT MANAGEMENT AND TRAINING CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

32. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

33. Courts in other District Courts have found an hourly rate of at least $525 for employment discrimination and retaliation cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rates of $650, $450, and $250 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc*., 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding that a $550 hourly rate was reasonable); *Red v. Kraft Foods Inc*., 680 F. App'x 597, 599 (9th Cir. 2017) (finding a District court did not err in awarding $550 per hour).

34. Courts in this other District Courts have also determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family Restaurants, Inc*., No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

35. Although Defendant denies Plaintiff is entitled to recover any such attorney fees, based on the typical hourly rate for employment counsel and the estimated time to litigate an employment action through trial, Plaintiff has put at least $157,500 in attorneys' fees in controversy (300 hours x $525 per hour), which, also alone, far exceeds the $75,000 jurisdictional requirement.

/ /

DEFENDANT MANAGEMENT AND TRAINING CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

**D.**     **Before Considering Punitive Damages, The Amount In Controversy Exceeds This Court's Jurisdictional Minimum**

36.     As detailed above, the amount in controversy exceeds this Court's jurisdictional minimum of $75,000, summarized as follows:

| Type of Damages/Claim | Amount in Controversy |
|---|---|
| Lost Earnings | $276,249.60 (see paragraphs 18–20, above) |
| Attorneys' Fees | $157,500+ (see paragraphs 25–30, above) |
| Emotional Distress | $75,000+ (see paragraphs 21–24, above) |
| **Total** | **Approximately $508,749.60+** |

**E.**     **Plaintiff's Request For Punitive Damages And Attorneys' Fees Also, On Their Own, Exceed The Jurisdictional Minimum For Diversity Removal**

37.     Plaintiff claims that he is entitled to punitive damages.  See Exh. A at ¶¶ 37, 48, 58, 67, 75, 87 and Prayer for Relief ¶ 3.  Although Defendant denyies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs'").  An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement.  *See Weerasignhe v. Cedars-Sinai Med. Ctr.*, 2024 WL 5077923 (Los Angeles County Sup. Ct., June 18, 2024) ($2,500,000 award of punitive damages in discrimination case); *see also Buron v. Occupational Health Ctrs. Of California, et al.*, 2023 WL 11817885 (San Diego Sup. Ct., Dec. 20, 2023)

10

($7,810,000 punitive damages award in matter involving claims of failure to engage in interactive process); *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case).

38.     Based on a conservative, good faith estimate of the value of the alleged damages in this action, when Plaintiff's prayer for damages, including punitive damages, is considered, the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

39.     Because there is diversity of citizenship between the parties, Defendant is not a citizen of California, and the amount in controversy exceeds $75,000, this action is removable under 28 U.S.C. §§ 1332(a) and 1441(b).

## V.    CONCLUSION

For the foregoing reasons, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of to 28 U.S.C. §§ 1332 and 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (iii) the action is between citizens of different states.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

11

DATED: February 12, 2026

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: */s/ Timothy M. Keegan*
    TIMOTHY M. KEEGAN
    ERIN M. OWEN
    Attorneys for Defendant
    Management and Training Corporation
    d/b/a Imperial Regional Detention Facility

12

**PROOF OF SERVICE**
*Edson Luna v. Management and Training Corporation, et al.*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Salt Lake in the office of a member of the bar of this court at whose direction the service was made. My business address is 15 W. South Temple, Suite 950, Salt Lake City, Utah 84101.

On February 12, 2026, I served the following document(s):

**DEFENDANT MANAGEMENT AND TRAINING CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

☒      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒      **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System:

Danny Yadidsion, CA Bar No. 260282
Shelley K. Mack, CA Bar No. 209596
LABOR LAW PC
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
danny@laborlawpc.com
shelley.mack@laborlawpc.com
calendar@laborlawpc.com
Attorneys for Plaintiff Edson Luna

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 12, 2026, at Salt Lake City, Utah.

*/s/ Anna L. Collins*
Anna L. Collins

13