# Exhibit A

Danny Yadidsion, Esq., SBN 260282
Shelley K. Mack, Esq., SBN 209596
**LABOR LAW PC**
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
danny@laborlawpc.com
shelley.mack@laborlawpc.com
calendar@laborlawpc.com

Attorney for Plaintiff
EDSON LUNA

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/12/2026 11:45 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| EDSON LUNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT AND TRAINING CORPORATION, a Delaware corporation d/b/a IMPERIAL REGIONAL DETENTION FACILITY; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.** 26STCV00894<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§ 12940(a))**<br>2. **Failure to Engage in the Interactive Process (Cal. Gov. Code §12940(n))**<br>3. **Failure to Provide Reasonable Accommodations (Cal. Gov. Code § 12940(m))**<br>4. **Retaliation in Violation of the FEHA (Cal. Gov. Code § 12940(m)(2))**<br>5. **Failure to Prevent Discrimination and Retaliation (Cal. Gov. Code § 12940(k))**<br>6. **Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR A JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

1.    Plaintiff EDSON LUNA ("Plaintiff"), an individual, submits this Complaint against Defendants MANAGEMENT AND TRAINING CORPORATION ("Defendant MTC"), a corporation, and DOES 1 through 50 (collectively referred to as "Defendants"), and each of them, and alleges as follows:

**PARTIES**

2.    Plaintiff is, and at all times relevant hereto was, a resident of the State of California.

3.    Defendant MTC is a corporation that at all times relevant hereto did business and employed individuals in the County of Los Angeles, California.

4.    Defendant MTC was Plaintiff's employer within the meaning of the Labor Code and is therefore subject to the jurisdiction of this Court.

5.    Defendant MTC was Plaintiff's employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

8.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1 through 50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or

- 2 -
COMPLAINT FOR DAMAGES

coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1 through 50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

9.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.     Plaintiff filed a complaint based on Government Code §§ 12940 *et seq*. and the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD") alleging the facts and complaints as described in this Complaint and received a Right to Sue notice on the same day. Therefore, Plaintiff has satisfied his administrative prerequisites with respect to these and all related filings.

### ALTER EGO, AGENCY, AND JOINT EMPLOYER

11.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant MTC and DOES 1 through 50 that the individuality and separateness of Defendants have ceased to exist.

12.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1 through 50 are, in reality, one and the same as Defendant MTC, including, but not limited to because:

a.     Defendant MTC is completely dominated and controlled by DOES 1 through 50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendant MTC to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.     DOES 1 through 50 derive actual and significant monetary benefits by and through Defendant MTC's unlawful conduct, and by using Defendant MTC as the funding source for their own personal expenditures.

c.     Plaintiff is informed and believes that Defendants MTC and DOES 1 through 50, while really one and the same, were segregated to appear as though separate and distinct

COMPLAINT FOR DAMAGES

for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.    Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant MTC and DOES 1 through 50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant MTC is, and at all times relevant hereto was, used by DOES 1 through 50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1 through 50.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendant MTC and DOES 1 through 50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13.    Accordingly, Defendant MTC constitutes the alter ego of DOES 1 through 50, and the fiction of their separate corporate existence must be disregarded.

14.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant MTC and DOES 1 through 50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant MTC and DOES 1 through 50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

**JURISDICTION AND VENUE**

15.    This Court has jurisdiction over Plaintiff's claims under California Government Code §§ 12940 et seq., and the UCL, Bus. & Prof. Code §§ 17203 and 17204. This Court is the proper Court and this action is properly filed in the County of Los Angeles pursuant to Cal. Civ. Proc. Code §§ 395(a) and 395.5 because Defendant MTC resides in the State of Utah and maintains offices and transacts business within Los Angeles County, California.

- 4 -

COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

16.     Plaintiff Luna is a former employee of Defendant MTC, which operates the Imperial Regional Detention Facility ("IRDF"), located at 1572 Gateway Road, Calexico, California 92231. IRDF is a secure federal detention center operated under contract with U.S. Immigration and Customs Enforcement ("ICE") for the purpose of detaining noncitizens pending immigration proceedings and removal.

17.     Plaintiff began his employment as a Detention Officer on or about November 1, 2021, and remained in that position until Defendants wrongfully terminated his employment on February 7, 2025. Plaintiff consistently performed his job duties in a satisfactory manner. His work history reflected no significant disciplinary actions, and he received a positive performance review.

18.     On November 4, 2024, Plaintiff Luna submitted to Defendants a written request for leave under the California Family Rights Act (the "CFRA"), along with supporting medical documentation. Defendant MTC subsequently approved Mr. Luna to take newborn baby bonding leave to run from November 26, 2024, through May 26, 2025.

19.     On November 26, 2024, Plaintiff's child was born. Due to postpartum medical complications affecting his wife, who is the newborn child's mother, Plaintiff became the primary caregiver for both his wife and newborn child. He submitted a bonding leave request supported by medical documentation to Defendant MTC, and on December 20, 2024, Defendant MTC approved Plaintiff's CFRA bonding leave for the period of November 26, 2024 through May 26, 2025.

20.     While on leave, Mr. Luna remained in communication with Defendant MTC's Human Resources department. Plaintiff informed the Defendant that his wife was suffering from post-partum depression and that her psychologist had advised that she could not be left alone with the baby.

21.     On February 7, 2025, while still on approved leave, Plaintiff received an email from Defendant MTC's Human Resources Department approving Plaintiff for a concurrent personal medical leave covering a different time period – January 9, 2025, through February 7, 2025 – and directing Plaintiff to return to work on February 8, 2025. Defendants sent Plaintiff this email notwithstanding the fact that Defendant MTC had already approved Plaintiff's baby bonding leave through May 26, 2025. Defendant MTC provided no rationale for its demand that Plaintiff immediately return to work on February 8, 2025, the day after this email was sent and received.

- 5 -
COMPLAINT FOR DAMAGES

22.     Due to his wife's medical condition, Plaintiff was unable to report to work on February 8, 2025. Plaintiff informed Defendant MTC's Human Resources Department that he did not want to lose his job, but that he was still unable to report to work due to his wife's medical condition and his caregiving responsibilities for his newborn child.  Plaintiff additionally reminded Defendants that his baby bonding leave time previously had been approved by Defendant MTC through May 26, 2025.

23.     Despite Plaintiff's requests for accommodation and medical leave time, on February 12, 2025, Plaintiff received a letter from Defendant MTC stating that he had voluntarily resigned from his position by failing to report to work as directed on February 8th, 2025.

24.     Plaintiff never expressed to Defendants any intent to resign his employment. At the time of his termination, Plaintiff was still relying on Defendant MTC's prior written approval of his baby bonding leave through May 26, 2025. Defendants' assertion that Plaintiff voluntarily resigned from his position was untrue and contradicted by Defendant MTC's own documentation. Plaintiff formally notified Defendant MTC of his need for family medical leave time and submitted timely and valid medical documentation in support of those requests.

25.     Defendants' decision to process Plaintiff's separation as a voluntary resignation, despite his active medical leave status and communications with Defendant MTC's Human Resources, constitutes a pretext for an unlawful and retaliatory termination. The abrupt and unjustified nature of Defendants' summary termination of his employment has caused and will continue to cause Plaintiff significant financial and emotional harm.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

**[Cal. Govt. Code § 12940(a)]**

(*Against All Defendants*)

26.     Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same full force and effect.

27.     At all times relevant, Plaintiff was an employee of Defendants within the meaning of the California Fair Employment and Housing Act ("FEHA"), Government Code § 12900 *et seq*.

28.     At all times relevant to this action, Defendants were employers who regularly employed five (5) or more persons within the meaning of California Government Code Section

- 6 -

COMPLAINT FOR DAMAGES

12926(d).

29.     Under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a), it is an unlawful employment practice for an employer to discriminate against an employee on the basis of physical or mental disability, or medical condition, in terms of hiring, compensation, or other terms and conditions of employment. FEHA also recognizes associational disability discrimination, which protects employees from adverse employment actions based on their association with someone who has a disability. As held in *Rope v. Auto-Chlor System of Washington, Inc., 220 Cal. App. 4th 635 (2013),* an employee may assert a FEHA disability discrimination claim based on the employee's association with an individual who has a qualifying disability.

30.     In this case, Plaintiff's termination occurred in close proximity to his request for an extended leave of absence or accommodation to care for his spouse, who was experiencing a serious medical condition following childbirth, necessitating his continued assistance and presence at home.

31.     Plaintiff's request for leave to care for his wife and newborn was supported by medical documentation.

32.     Despite this knowledge, rather than working with the Plaintiff to accommodate his familial caregiving responsibilities, Defendants took adverse action by terminating Plaintiff's employment on February 12, 2025, when Plaintiff was informed of his "voluntary resignation" on the basis of failure to return to work.  Defendants' discriminatory intent is further evidenced by the timing of the termination, which occurred after Plaintiff requested for accommodations because of his need to care for a family member with a serious health condition.

33.     At no point did Defendants engage in a good faith interactive process or consider whether reasonable accommodations, such as a modified work schedule, that could support Plaintiff's continued employment.

34.     Defendants' actions constitute unlawful disability discrimination in violation of Government Code § 12940(a). As a direct and proximate result, Plaintiff suffered and continues to suffer significant financial harm, emotional distress, and reputational damage, as stated below.

35.     As a direct and proximate result of Defendants' unlawful discrimination against him, as alleged herein, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits. The exact amount of such expenses and losses is presently unknown, and

COMPLAINT FOR DAMAGES

Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

36.     As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer general damages, as Plaintiff was psychologically injured. Such injuries have caused, and will continue to cause, Plaintiff great emotional distress, anxiety, humiliation, mental pain and suffering, in an amount more than this Court's minimum jurisdiction. The emotional distress Plaintiff has suffered and continues to suffer as a result of Defendants' unlawful conduct as alleged herein also has caused Plaintiff to incur associated medical expenses.

37.     As more fully set forth above, Defendants' discrimination against Plaintiff was committed intentionally, maliciously, wantonly, oppressively, and fraudulently, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries he sustained. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code Section 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

38.     Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

39.     Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### (Cal. Gov. Code §12940(n))

### (*Against All Defendants*)

40.     Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same force and effect.

41.     California Government Code § 12940(n) makes it unlawful for an employer to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine

- 8 -

COMPLAINT FOR DAMAGES

effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability."

42. Defendants violated Government Code § 12940(n) by failing to engage in a timely, good faith interactive process to determine reasonable accommodations for Plaintiff's known association with an individual who has a qualifying disability.

43. Here, Plaintiff notified the Defendants of his need for an extension of his previously approved bonding leave in order to care for his spouse, who had recently given birth and was suffering from medical complications. Thereafter, Plaintiff submitted a physician's note affirmatively requesting that he remain at home to care for his wife due to her health condition and recovery needs.

44. Despite having actual knowledge of Plaintiff's spouse disability and his request for medical leave as a reasonable accommodation, Defendants failed to initiate or participate in any interactive process to determine whether Plaintiff could be accommodated. Defendants did not explore any alternatives, such as extending his approved leave, implementing a phased return-to-work plan, or another form of accommodation could be offered to support Plaintiff's caregiving obligations.

45. Instead, Defendants considered the Plaintiff as having voluntarily resigned on February 12, 2025, without any dialogue, flexibility, or effort to identify a reasonable accommodation, in direct violation of FEHA.

46. As a direct and proximate result of Defendants' failure to engage in the interactive process, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. Plaintiff seeks compensatory damages for his lost earnings and benefits in an amount according to proof.

47. As a direct and proximate result of Defendants' unlawful action, Plaintiff has sustained and will continue to experience psychological injury, causing great pain and suffering, including emotional and physical distress, humiliation, shame, despair, embarrassment, sadness, loss of enjoyment, physical and mental anguish. Plaintiff seeks general damages for such emotional distress in an amount according to proof.

COMPLAINT FOR DAMAGES

48. Defendants acted with malice, oppression, and fraud, carrying out unlawful acts with full knowledge of the substantial risk of injury involved, and with willful and conscious disregard for Plaintiff's rights, entitling him to punitive damages.

49. Plaintiff seeks to recover all damages and costs of the suit, interest thereon, and attorneys' fees, including post judgement interest thereon, pursuant to Government Code Section 12965(c)(6).

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

**(Cal. Gov. Code §§ 12940(m), 12945(a)(3)(A))**

**(*Against All Defendants*)**

50. Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same force and effect.

51. Government Code § 12940(m) prohibits an employer from failing to make reasonable accommodation for the known physical or mental disability of an employee, or for an employee associated with a person with a known disability.

52. Defendants violated Government Code § 12940(m) by failing to provide reasonable accommodations for Plaintiff's caregiving obligations.

53. Plaintiff was on approved CFRA bonding leave from November 26, 2024, through May 26, 2025. In early February 2025, Plaintiff submitted medical documentation stating his spouse continued to suffer from postnatal complications and needed his ongoing care. This placed Defendants on notice of Plaintiff's continued need for leave as a reasonable accommodation.

54. Rather than consider the request or engage in the statutory accommodation process, Defendants unilaterally directed Plaintiff to return to work on February 8, 2025. This directive disregarded Plaintiff's previously approved bonding leave and ignored the updated medical documentation. Plaintiff was unable to return on that date due to his caregiving obligations. Four days later, on February 12, 2025, Defendants sent Plaintiff separation paperwork asserting that he had voluntarily resigned due to failure to report.

55. At no point did Defendants acknowledge Plaintiff's continued need for leave, nor did they attempt to explore or offer any alternative accommodations—such as extending his leave,

COMPLAINT FOR DAMAGES

modifying his return-to-work schedule, or providing a short deferral to accommodate the temporary nature of the caregiving need. Here, Defendants failed entirely to evaluate any reasonable accommodation. Instead, they disregarded medical documentation, revoked the protections of CFRA bonding leave without cause, and abruptly terminated Plaintiff's employment under the guise of voluntary resignation.

56.    As a direct and proximate result of Defendants' failure to accommodate, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. Plaintiff seeks compensatory damages for lost earnings and other benefits in an amount according to proof.

57.    As a direct and proximate result of Defendants' unlawful action, Plaintiff has sustained and will continue to sustain psychological injury, causing great pain and suffering, including emotional and physical distress, humiliation, shame, despair, embarrassment, sadness, loss of enjoyment, physical and mental anguish. Plaintiff seeks general damages for such emotional distress in an amount according to proof.

58.    Defendants acted with malice, oppression, and fraud, carrying out unlawful acts with full knowledge of the substantial risk of injury involved, and with willful and conscious disregard for Plaintiff's rights, entitling him to punitive damages.

59.    Plaintiff seeks to recover all damages and costs of the suit, interest thereon, and attorneys' fees, including post judgement interest thereon, pursuant to Government Code Section 12965(c)(6).

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**(Cal. Gov. Code § 12940(m)(2))**

**(*Against All Defendants*)**

60.    Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same force and effect.

- 11 -

COMPLAINT FOR DAMAGES

61.     California Government Code § 12940(m)(2) makes it unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

62.     In this case, Plaintiff engaged in protected activity when he lawfully requested and took CFRA-protected baby bonding leave to care for his newborn child and submitted additional medical documentation in February 2025 indicating his spouse's postnatal medical complications required continued support. Defendants were aware of this request and had previously approved Plaintiff's baby bonding leave through May 26, 2025.

63.     Rather than honoring that approved leave time or addressing the updated medical information, on February 7, 2025, Defendants abruptly ordered Plaintiff to return to work the next day, on February 8, 2025. When Plaintiff did not return to work on February 8 due to his continued caregiving obligations, Defendants responded by sending Plaintiff "voluntary resignation" paperwork on February 12, 2025. This adverse action occurred just days after Plaintiff asserted his right to extended leave and submitted medical documentation supporting that request.

64.     The close temporal proximity between Plaintiff's protected activity and his termination strongly demonstrates a clear pattern of retaliation in violation of FEHA. This conduct was unlawful, intentional. By terminating Plaintiff, Defendants retaliated against him for asserting his lawful rights.

65.     As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. Plaintiff seeks compensatory damages for his lost earnings and other benefits in an amount according to proof.

66.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to experience psychological injury, causing great pain and suffering, including emotional and physical distress, humiliation, shame, despair, embarrassment, sadness, loss of enjoyment, physical and mental anguish. Plaintiff seeks general damages for such emotional distress in an amount according to proof.

- 12 -

COMPLAINT FOR DAMAGES

67. Defendants acted with malice, oppression, and fraud, carrying out unlawful acts with full knowledge of the substantial risk of injury involved, and with willful and conscious disregard for Plaintiff's rights, entitling him to punitive damages.

68. Plaintiff seeks to recover all damages and costs of the suit, interest thereon, and attorneys' fees, including post judgement interest thereon, pursuant to Government Code Section 12965(c)(6).

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### (Cal. Gov. Code § 12940(k))

### (*Against All Defendants*)

69. Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same force and effect.

70. Government Code § 12940(k) imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. This duty is independent of the underlying acts of discrimination or retaliation and is actionable when the employer fails to implement or enforce policies designed to protect employees' rights under the FEHA.

71. Here, Plaintiff was subjected to associational disability discrimination and retaliation after requesting extended family medical leave time to care for his spouse, who was experiencing postnatal medical complications, and to care for his newborn child during his wife's illness. Despite prior approval of his medical leave time through May 26, 2025, Defendants suddenly ordered Plaintiff to return to work in February 2025 and then abruptly terminated Plaintiff's employment when he did not return on less than 24 hours notice, without engaging in the interactive process or considering any accommodation to allow Plaintiff to keep his job.

72. Defendants failed to take reasonable steps to prevent these violations. No effort was made to investigate or intervene before issuing separation paperwork under the false pretense of voluntary resignation. These failures were not isolated oversights, but systemic and deliberate inaction in violation of Defendants' legal duties.

73. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period

- 13 -

COMPLAINT FOR DAMAGES

of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. Plaintiff seeks compensatory damages for such lost earnings and benefits in an amount according to proof.

74.     As a direct and proximate result of Defendants' unlawful action, Plaintiff has sustained and will continue to experience psychological injury, causing great pain and suffering, including emotional and physical distress, humiliation, shame, despair, embarrassment, sadness, loss of enjoyment, physical and mental anguish. Plaintiff seeks general damages for such emotional distress in an amount according to proof.

75.     Defendants acted with malice, oppression, and fraud, carrying out unlawful acts with full knowledge of the substantial risk of injury involved, and with willful and conscious disregard for Plaintiff's rights, entitling him to punitive damages.

76.     Plaintiff seeks to recover all damages and costs of the suit, interest thereon, and attorneys' fees, including post judgement interest thereon, pursuant to Government Code Section 12965(c)(6).

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (*Against All Defendants*)

77.     Plaintiff repeats and realleges all the preceding paragraphs as if they were fully set forth herein and with the same force and effect.

78.     At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

79.     At all times relevant to this action, Plaintiff was employed by Defendants.

80.     At all times relevant to this action, California Government Code section 12900 *et seq*. was in full force and effect and was binding upon Defendants.  Government Code section 12900 *et seq*. prohibits Defendants, *inter alia*, from discriminating against or subjecting any employee to disparate treatment on the basis of his membership in a protected class or association with a member of a protected class, from failing to offer employees reasonable accommodations, from failing to engage in the interactive process, from retaliating against employees for engaging in legally protected conduct and/or from failing to take all reasonable steps necessary to prevent such discrimination

- 14 -

COMPLAINT FOR DAMAGES

and/or retaliation from occurring.

81.    At all times relevant to this action, California Government Code section 12945.2(k) also was in full force and effect and was binding upon Defendants.  Government Code section 12945.2(k) prohibits Defendants from discriminating and/or retaliating against any employee for exercising or attempting to exercise any right guaranteed to him under the CFRA.

82.    California Government Code sections 12900 *et seq*. and 12945.2(k) codify policies that benefit society at large, were well-established at the time of Plaintiff's discharge, and are substantial and fundamental under California state law.

83.    Defendants' wrongful termination of Plaintiff's employment was substantially motivated by Plaintiff's association with member(s) of a protected class under the FEHA and Plaintiff's exercise of his legal right to take job-protected CFRA medical leave time and/or newborn baby bonding leave time.

84.    Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

85.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial, including special and general damages.

86.    As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer general damages, as Plaintiff was psychologically injured.  Such injuries have caused, and will continue to cause, Plaintiff great emotional distress, anxiety, humiliation, mental pain and suffering in an amount according to proof at trial.

87.    In engaging in the unlawful conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff.   Therefore, an assessment of punitive damages should be made against

- 15 -

COMPLAINT FOR DAMAGES

Defendants pursuant to Civil Code section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter;

3. For punitive damages pursuant to Civil Code § 3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

4. For payment of penalties in accordance with California law;

5. For costs of suit, attorneys' fees, and expert witness fees pursuant to Labor Code, and/or any other basis;

6. For pre- and post-judgment interest;

7. For penalties as required by law; and

8. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED:   January 9, 2026            **LABOR LAW PC**

By: _Shelley K. Mack_____
Danny Yadidsion, Esq.
Shelley K. Mack, Esq
Attorneys for Plaintiff
EDSON LUNA

- 16 -
COMPLAINT FOR DAMAGES

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.


DATED:  January 9, 2026                          **LABOR LAW PC**


By: *Shelley K. Mack*
    Danny Yadidsion, Esq.
    Shelley K. Mack, Esq
    Attorney for Plaintiff
    EDSON LUNA

- 17 -
COMPLAINT FOR DAMAGES