# Exhibit C

TIMOTHY M. KEEGAN, CA Bar No. 251085
tim.keegan@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
15 West South Temple Street, Suite 950
Salt Lake City, UT 84101
Telephone:    801-658-6100
Facsimile:    385-360-1707

ERIN M. OWEN, CA Bar No. 345867
erin.owen@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant Management and
Training Corporation d/b/a Imperial Regional
Detention Facility

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EDSON LUNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT AND TRAINING CORPORATION, a Delaware corporation d/b/a IMPERIAL REGIONAL DETENTION FACILITY; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 26STCV00894<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>[Assigned for all purposes to The Honorable Jon R. Takasugi, Dept. 17]<br><br>Action Filed:    January 12, 2026<br>Trial Date:    Not set |

Defendant Management and Training Corporation d/b/a Imperial Regional Detention Facility ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff Edson Luna ("Plaintiff") as follows:

/ /

/ /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

1.    Defendant alleges Plaintiff's Complaint fails to state a cause of action for some or all of his claims.

### SECOND AFFIRMATIVE DEFENSE
#### (Not Responsible for Acts of Does)

2.    Defendant alleges that it is not legally responsible for the alleged acts/omissions of those defendants named herein as DOES 1 through 50.

### THIRD AFFIRMATIVE DEFENSE
#### (Third Party Liability)

3.    Defendant alleges that to the extent that any of the alleged wrongs were committed by others, any and all such claims are barred against Defendant in its entirety.

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform Condition)

4.    Defendant alleges that Plaintiff's Complaint and each cause of action therein is barred in whole or in part because of Plaintiff's failure to perform a necessary condition precedent, concurrent, or subsequent.

## FIFTH AFFIRMATIVE DEFENSE

### (Bad Faith)

5.    Defendant alleges that Plaintiff has engaged in conduct and activities tainted with bad faith, by reason of which Plaintiff should not be permitted to use the process of this Court for furtherance of said bad faith.

## SIXTH AFFIRMATIVE DEFENSE

### (Negligence of Plaintiff)

6.    Defendant alleges that the Complaint and each of its causes of action are barred, or recovery should be reduced, by Plaintiff's carelessness, recklessness and/or negligence in the matters complained of in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (At-Will)

7.    Defendant alleges that Plaintiff's employment was terminable at-will.

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

8.    Defendant alleges that any adverse employment action, if any, involving Plaintiff, was based solely on legitimate, good-faith, non-retaliatory, business reasons, which were neither arbitrary, capricious nor unlawful.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

9.    Defendant alleges that Plaintiff's Complaint and each and every cause of action alleged therein are barred or any recovery is reduced by the doctrine of after-acquired evidence.

//

3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## TENTH AFFIRMATIVE DEFENSE

### (Breach of Statutory Obligations)

10.    Defendant alleges Plaintiff's Complaint and all purported causes of action alleged therein are barred by Plaintiff's breach of his statutory obligations as an employee under the California Government Code.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Outside Scope of Authority)

11.    Defendant alleges that any unlawful or other wrongful acts or omissions attributed to any person(s) employed by Defendant were outside the scope of its authority and such acts, if any, were not authorized, ratified or condoned by Defendant nor did Defendant know or have reason to be aware of such alleged conduct or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

12.    Defendant alleges that Plaintiff's Complaint and each cause of action therein is barred by the doctrines of waiver, estoppel, and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.    Defendant alleges that any recovery on the Complaint, or any claim for relief contained therein, is barred by the doctrine of laches given Plaintiff's unjustified delay in prosecuting this action to the detriment of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

14.    Defendant is informed and believes, and thereupon alleges, that it followed all appropriate terms and conditions of the contractual relationship, if any, between Plaintiff and Defendant.

//

//

//

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

15.    Defendant alleges that Plaintiff's Complaint and each cause of action therein is barred by the statute of limitations, including the statute of limitations set forth in Code of Civil Procedure sections 337, 338, 339, 340, California Government Code sections 12940, et seq., and any other applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

16.    Defendant alleges that right of Plaintiff to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendant pursuant to section 1431.2 of the California Civil Code and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reduction in Damages-Offset)

17.    Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be offset or reduced by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income or as benefits.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages/Failure to Mitigate Damages)

18.    Defendant alleges Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff had suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Mixed Motives)

19.    Defendant alleges Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, diminished or reduced because, assuming, arguendo, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment actions

5

taken still would have been taken due to other legitimate, non-prohibited, and/or independent reason(s).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

20.    Defendant alleges that the relief prayed for in the Complaint against Defendant is barred by the Ellerth/Faragher defense/avoidable consequences doctrine or Plaintiff's failure to take advantage of the preventative or corrective opportunities provided by Defendant to avoid the harm alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Remedial Measures)

21.    Defendant alleges that it had in effect policies and procedures regarding the prohibition, reporting, and remediation of all types of discrimination and retaliation, whether on the basis of disability, age, gender, race, national origin, or otherwise. Plaintiff was aware of these policies and procedures.  At all pertinent times, Defendant exercised reasonable care to prevent and promptly correct any discrimination, and Plaintiff unreasonably failed either to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.  To the extent Plaintiff alleges he availed herself of Defendant's reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

22.    Defendant alleges that its activities undertaken with respect to Plaintiff, if any, were privileged or otherwise justified, as such, activities were proper, fair and legitimate business activities, and/or due to business related reasons, which were neither arbitrary, capricious, nor unlawful.

//

//

//

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (In Pari Delicto)

23.    Defendant alleges that the claims are barred by reason of the fact that Plaintiff engaged in acts and courses of conduct which rendered Plaintiff in pari delicto.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Consent)

24.    Defendant alleges that Plaintiff, by his own acts and/or omissions, is barred by the doctrine of consent.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

25.    Defendant alleges that Plaintiff failed to exhaust administrative and internal remedies available under state and federal laws, including, without limitation, the California Labor Code, and Defendant's internal policies and procedures, the Fair Employment and Housing Act, and, as a result of that failure, some or all of Plaintiff's causes of action are barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Claims Outside The Scope of CRD Charges)

26.    Defendant alleges Plaintiff's claims arising under the FEHA are barred to the extent that the allegations therein do not reasonably fall within the scope of any claims made in any administrative complaints filed by Plaintiff with the CRD.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodations and Modifications Provided)

27.    Defendant alleges that it provided reasonable accommodations and/or modifications for Plaintiff necessary to afford his full and equal access to and full enjoyment of the subject premises and to perform his essential job functions.

//
//
//
//

7

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation not Practicable)

28.     Defendant alleges that the relief prayed for in the Complaint against it is barred because no "reasonable accommodation" as defined under the FEHA, Government Code section 12926(n) was practicable or available to Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Medical Condition or Disability)

29.     Defendant alleges that the relief prayed for in Plaintiff's Complaint is barred because Plaintiff did not have a qualified "medical condition" or disability as defined under FEHA during his employment and/or at his termination.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process/Request Accommodation)

30.     Defendant alleges that Plaintiff failed to engage in the interactive process to ascertain if there was a reasonable accommodation under FEHA, Government Code section 12926(n) that would allow him to perform the essential functions of his job.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

31.     Defendant alleges that it is not liable for punitive damages because, among other reasons, the imposition of such damages against Defendant would violate the rights, privileges, and immunities guaranteed to it under the Constitution and laws of the United States and the State of California.  Also, Defendant has not taken any action or made any omission that would justify the imposition of any damages in this case, including exemplary damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

32.     Defendant alleges that Plaintiff has an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

/ /

/ /

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

33.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate

WHEREFORE, Defendant prays as follows:

1.     For entry of judgment in favor of Defendant and against Plaintiff;

2.     That Plaintiff take nothing by way of his Complaint, and that the Complaint be dismissed with prejudice;

3.     That Defendant be awarded costs of suit herein;

4.     That Defendant be awarded actual attorney fees incurred in defending this suit; and,

5.     For such other and further relief as this Court may deem just and proper.

DATED: February 11, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *Timothy M. Keegan*
TIMOTHY M. KEEGAN
ERIN M. OWEN

Attorneys for Defendant Management and Training Corporation d/b/a Imperial Regional Detention Facility

9

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

*Edson Luna v. Management and Training Corporation d/b/a*
*Imperial Regional Detention Facility*
Case No. 26STCV00894

     I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Salt Lake, State of Utah, in the office of a member of the bar of this court at whose direction the service was made. My business address is 15 W. South Temple, Suite 950, Salt Lake City, Utah 84101.

     On February 11, 2026, I served the following document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 11, 2026, at Salt Lake City, Utah

*Anna L. Collins*
Anna L. Collins

---

10

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**SERVICE LIST**

Danny Yadidsion, CA Bar No. 260282
Shelley K. Mack, CA Bar No. 209596
LABOR LAW PC
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
danny@laborlawpc.com
shelley.mack@laborlawpc.com
calendar@laborlawpc.com

*Attorney for Plaintiff EDSON LUNA*

95165052.v1-OGLETREE

11

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES